UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAN CHATMAN,

    Petitioner,

v.                                         CASE NO. 2:07-CV-67

LINDA M. METRISH,                 HON. ROBERT HOLMES BELL

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Dwan Chatman's motion under 28 U.S.C. § 2254. On October 29, 2009, Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Petitioner's petition be denied. Petitioner filed objections to the R&R on December 11, 2009. This Court must conduct a de novo review of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to de novo review. A general objection to the Magistrate Judge's findings amounts to a complete failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.

1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner's § 2254 petition and his reply brief to Respondent's response, read in combination, raise six grounds for relief: (1) violation of the right to remain silent; (2) violation of the right to privacy, the free exercise of confidential communication with a clergyman, and the ineffective assistance of counsel for failure to object; (3) improper admission of irrelevant, unfairly prejudicial evidence testimony and the deliberate violation of the trial court's order suppressing some of the evidence; (4) entitlement to a new trial based upon newly discovered evidence of perjured testimony; (5) sufficiency of the evidence; and (6) ineffective assistance of counsel for failure to investigate a defense and exercise preemptory challenge.

The Magistrate Judge thoroughly addressed each of these claims and determined that they are meritless. With respect to the Magistrate Judge's analysis of claims (1) through (4) and claim (6), Petitioner asserts only a general objection that is not sufficient to allow the court to pinpoint the portions of the R&R that are legitimately in contention. (Dkt. No. 35, Objections 6.) The Court has reviewed the R&R, and believes that the Magistrate Judge adequately addresses the issues and makes a sound recommendation with respect to claims (1) through (4) and claim (6).

Petitioner's objection to the Magistrate Judge's analysis of claim (5) is sufficiently specific to warrant de novo review. Petitioner objects to the Magistrate Judge's

2

determination that the evidence was sufficient to establish that Petitioner committed the crime. One of the government's primary witnesses at trial was an acquaintance of Defendant named Craig Burns. Petitioner argues that Mr. Burns's testimony was inherently not credible, and without Mr. Burns's testimony he never would have been convicted.

In *Jackson v. Virginia*, the Supreme Court held that, in reviewing a sufficiency of the evidence claim, the appropriate inquiry is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979). Petitioner's claim that the evidence presented was not sufficient to justify the verdict hinges entirely on his assertion that Mr. Burns's testimony was not credible. Petitioner does not dispute that Mr. Burns testified that Petitioner confessed to him. Petitioner argues only that Mr. Burns's testimony should not be believed. The Sixth Circuit has made clear that, "[i]n addressing sufficiency of the evidence questions, this Court has long declined to . . . consider the credibility of witnesses . . . ." *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994). Mr. Burns's credibility was extensively attacked at trial, and the jury nevertheless decided to convict. Whether the jury believed Mr. Burns or not, the Court cannot second guess the jury's decision. The evidence against Petitioner was more than sufficient to justify the conviction.

Petitioner also objects to the Magistrate Judge's determination that a certificate of appealability is not appropriate. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court must "engage in a reasoned assessment of each claim." *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Upon review of each of Petitioner's claims, the Court does not believe that reasonable jurists would find the Court's assessment of Petitioner's claims to be debatable or wrong.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 35) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 31) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's motion under 28 U.S.C. § 2254 (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: June 29, 2010              /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE