UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAN CHATMAN,

       Petitioner,

                                            File No: 2:07-cv-67

v.

                                            HON. ROBERT HOLMES BELL

LINDA M. METRISH,

       Respondent.
_____/

## **O P I N I O N**

This 28 U.S.C. § 2254 matter is before the Court on Petitioner's Motion for Reconsideration, and on Petitioner's Motion to Reopen Notice of Appeal. (Dkt. No. 43, Mot. for Recons.; Dkt. No. 45, Mot. to Reopen.) For the reasons contained herein, both motions will be denied. Succinctly, the Motion to Reopen Notice of Appeal will be denied as untimely under Federal Rule of Appellate Procedure 4(a)(6), and the Motion for Reconsideration will be denied on its merits after the factual determination that it was intended as a motion for this Court rather than as an improperly captioned motion to extend the time to file an appeal.

### **I. Facts**

Petitioner filed his petition for writ of habeas corpus challenging the validity of his convictions for first degree murder and felony firearm. On October 29, 2009, Magistrate Judge Timothy P. Greeley entered a Report and Recommendation ("R&R") recommending

that the petition be dismissed. (Dkt. No. 31.) Over Petitioner's objection, (Dkt. No. 35), the Court approved and adopted the R&R and issued an order denying a certificate of appealability on June 29, 2010. (Dkt. No. 37.) Judgment in favor of Respondent was likewise entered on June 29, 2010, and the case was terminated effective that date. (Dkt. No. 38.) Petitioner, apparently not having received notice of the Order and Judgment, filed a Motion to Amend or Correct his objection to the R&R on December 7, 2010. (Dkt. No. 39.) Three days later, the Magistrate Judge denied the motion because the petition had been dismissed by this Court the previous June. (Dkt. No. 42.)

On December 20, 2010, Petitioner sent the Court a letter headed "Point of Information" informing the Court that he had not received actual notice of this Court's June 29, 2010, Order or Judgment. (Dkt. No. 43.) He asserted that, on that basis, he should be granted a reconsideration. (*Id.*) The Clerk of Court properly docketed this letter as a Motion for Reconsideration.[1] Several days later, in a letter dated December 22, 2010, but received and docketed by the Court on December 29, 2010, Petitioner supplemented his motion with a memorandum by a Michigan Department of Corrections officer confirming that Petitioner had not received any legal mail between the dates of June 29 and July 7, 2010. (Dkt. No. 44, Attach. 1, Memorandum.) On January 20, 2011, Petitioner filed a motion under Federal

---

[1] "A request for a court order must be made by motion". Fed. R. Civ. P. 7(b)(1). Here, Petitioner made a legal assertion ("I should be granted a reconsideration") which the Court may vindicate by order – a request for a court order.

2

Rule of Appellate Procedure 4(a)(6).[2]  (Dkt. No. 46.)

## II Discussion

**A.)     Reopening the Time to File an Appeal under Fed. R. App. P. 4(a)(6)**

**1.)     Relevant Law**

Petitioner had thirty days from the issuance of the June 29, 2010, Order and Judgment to file a timely appeal.  *See* Fed. R. App. P. 4(a)(1).  This thirty day period ended July 29, 2010.  To file an appeal of the December 10, 2010, Order, Petitioner had until January 10, 2010 – thirty days from the issuance of the Order plus one additional day to account for the thirtieth day falling on a Sunday.  *See id.*; Fed. R. App. P. 26.  Compliance with this thirty day period is mandatory and is a timely notice of appeal is a jurisdictional prerequisite for the Court of Appeals.  *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

Federal Rule of Appellate Procedure 4(a)(6) allows this Court to, under certain circumstances, reopen the time to file an appeal.  The Rule specifically contemplates the factual scenario which Petitioner suggests is at issue here – a party who does not receive formal notice of an entry.  *See* Fed. R. App. P. 4(a)(6); *see also* Advisory Committee Note to 1991 Amendment to Fed. R. App. P. 4 ("The amendment provides a limited opportunity

---

[2]This motion was improperly docketed as a Notice of Appeal on January 24, 2011.  Generally, the filing of a notice of appeal deprives this Court of jurisdiction, and jurisdiction transfers to the Court of Appeals.  *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993).  However, this Court retains jurisdiction where, as here, the appeal is untimely.  *Id.* at 394-95.  Moreover, it is not clear that this Court is deprived of jurisdiction when the appeal was initiated, in effect, by clerical error rather than by the intent and request of a party.

3

for relief in circumstances where the notice of entry of a judgment or order, . . . is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal."). The Rule "'is intended to reduce substantially the risk that any opportunity to appeal will be forfeited by failure to receive notice of the entry of judgment.'" *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007) (quoting 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3950.6 (3d ed. 1998)). But the Rule does not *eliminate* the risk that the opportunity to file an appeal will be forfeited when a party does not receive notice. The Rule is intended to preserve a balance: "Rule 4(a)(6)'s limited opportunity to reopen the time for appeal [is] one that 'balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments.'" *Bowles v. Russell*, 432 F.3d 668, 673 (6th Cir. 2005), *aff'd* 551 U.S. 205 (quoting *Vencor Hosp., Inc. v. Standard Life and Acc. Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002)). The balance is preserved, in part, by temporally limiting this Court's authority to reopen the time to file an appeal, even in the absence of notice.

> *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> 
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> 
> (B) the motion is filed within 180 days after the judgment or order

4

                is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C)     the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

If a petitioner, or any would-be appellant, fails to meet the exacting standards of Appellate Rule 4(a), this Court can offer no relief, even where the party receives no notice of the order or judgment which that party would wish to appeal. *See* Fed. R. Civ. P. 77(d)(2) ("Lack of notice of the entry does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."). The time requirements under subsection (B) of Rule 4(a)(6) have been identified as "specific and unequivocal." *Bowles*, 432 F.3d at 673 (quoting *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000)). "While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement. Moreover, nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Id.* (internal citations and quotation marks omitted). The strict reading of the limitations period applies to both the fourteen-day period and the 180-day period in subsection B. *Id.* at 676.

**2.)     Petitioner's formal "Motion to Reopen Notice of Appeal"**

Petitioner's formal "Motion to Reopen Notice of Appeal" clearly invokes Appellate Rule 4(a)(6), and falls under the limitations of that Rule. However, it is unclear whether Petitioner's motion was intended to apply to this Court's June 29, 2010, Order and

5

Judgment, or to the Magistrate Judge's December 10, 2010, Order denying Petitioner's motion to amend or correct his objections. (Dkt. No. 37, 06/29/10 Order; Dkt. No. 38, Judgment; Dkt. No. 42, 12/10/10 Order.) The Court will accordingly apply Appellate Rule 4(a)(6) with respect to each of the Orders and to the Judgment. Unfortunately for Petitioner, this Court will find that it is without discretion to grant his request with regard to any of them.

With regard to the June 29, 2010, Order and Judgment, the Court finds that the motion was not filed within 180 days after the Order and Judgment were entered, and thus that Rule 4(a)(6)(B) is not satisfied.[3] The Court entered its Order and its Judgment on June 29, 2010. Petitioner had until December 27, 2010 – 180 days after the Order and Judgment were entered – to file a timely motion under Appellate Rule 4(a)(6)(B). Petitioner did not file such a motion until January 20, 2011. Under these circumstances, as noted above, this Court is without authority to grant the relief Petitioner requests. *See Dyer v. Stovall*, No. 09-2096, 2009 U.S. App. LEXIS 29013, at *1-2 (6th Cir. Nov 24, 2009) ("[T]he district court has no authority to grant that motion because it was filed outside the time period for filing . . . a Fed. R. App. P. 4(a)(6) motion to reopen the appeal period.").

---

[3]For this reason, the Court will not make any specific findings regarding whether Petitioner received notice of the Order and Judgment or whether Respondent would be prejudiced by the Court's granting the motion, although for the purposes of this analysis it will assume the requirements have been met. *See* Fed. R. App. P. 4(a)(6) (requiring that the Court find that *all* of conditions in subsections A-C are met in order for the Court to grant relief).

With regard to the December 10, 2010, Order, the Court finds that the motion was not filed within fourteen days after Petitioner received notice of the entry and thus, again, that Appellate Rule 4(a)(6)(B) is not satisfied.[4] The Order was entered on December 10, 2010. Petitioner references the Order in his December 20, 2010, Motion for Reconsideration. (Dkt. No. 43.) Thus, the Court finds that he received notice of the Order, at the latest, on that date – December 20, 2010.[5] Petitioner had until, at latest, January 3, 2011 – fourteen days after Petitioner could have received notice of the entry– to file a timely motion under Appellate Rule 4(a)(6)(B). Again, Petitioner's motion was not filed until January 20, 2011. The Court is without authority to grant Petitioner's Motion to Reopen Notice of Appeal, and the motion, (Dkt. No. 45), will be accordingly denied.

3.) **Possible Construal of Petitioner's Motion for Reconsideration as a motion under Rule 4(a)(6)**

Although Petitioner's formal Motion to Reopen Notice of Appeal must be denied as untimely, Petitioner may nonetheless be permitted to appeal from the June 29 entries if this Court construes his Motion for Reconsideration as a motion to reopen the time to file an appeal. Although this maneuver has some facial appeal – it would temper the harsh

---

[4]Additionally, the Court finds that Rule 4(a)(6)(A) is not satisfied. As noted herein, it is clear that Petitioner received notice of the December 10 Order within twenty-one days of its entry. The Court makes no findings regarding Rule 4(a)(6)(C).

[5]Very likely earlier. In his supplement, dated December 22, Petitioner indicates that he sent the motion on December 15. (*See* Dkt. No. 44.) In fact, Petitioner represents that he received notice of the Order on December 10, 2010, the same date on which it was entered. (*See* Dkt. No. 43.)

7

application of Rule 4(a)(6) and permit Petitioner to take an appeal from this Court's June 29 decisions – the Court will find, below, that such construal is not permissible in this case, as there is no evidence that appeal was Petitioner's intent when he filed the Motion for Reconsideration.

Formerly, Motions for Reconsideration under Civil Rule 60(b) could be used, on their own terms, to effectively extend the time a would-be appellant has to appeal. The mechanism is described as a matter of historical interest in Moore's Federal Practice: "[b]ecause the time for appeal runs from the time of judgment, setting aside a judgment and re-entering the judgment will, as a practical matter, start the time for the filing of an appeal over again." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60.48[6][a] (3d ed. 2010). This practice was specifically approved of in the Sixth Circuit. *See Lewis*, 987 F.2d 392. However, after the Sixth Circuit's opinion in *Bowles*, such use is no longer permissible in this Circuit:[6]

> Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgment in order to create a new appeal period.[7]

---

[6] Indeed, given the fact that *Bowles* was affirmed by the Supreme Court, *see* 551 U.S. 205, and that "[o]ther courts . . . roundly disagreed with [the *Lewis*] decision," *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 684 (6th Cir. 1999), it appears that such use is no longer permissible in any federal court.

[7] Arguably, this second quoted sentence could be read to imply that *before* the 180-day period has expired, a district court *can* rely on the practice of vacating and reentering the
(continued...)

8

432 F.3d at 673. *See also Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) ("[T]he plain language of both Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) address[] specifically the problem of lack of notice of a final judgment. That specificity . . . precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice.")

Nonetheless, courts are apparently not forbidden from liberally construing a party's 60(b) motion as a motion under Appellate Rule 4(a)(6) if the relief that party in fact seeks is the opportunity to appeal. That is, under some circumstances, a district court may construe an improper Civil Rule 60(b) motion as a proper Appellate Rule 4(a)(6) motion.[8] *See Scaglione v. Mamaroneck Union Free Sch. Dist.*, 216 F. App'x 116, 117-118 (2d Cir. 2007) ("[Party's notice of appeal] raises the issue of whether the District Court should have construed his Rule 60(b) motion as a request to allow an otherwise untimely appeal from

---

[7](...continued)
judgment. This Court believes, however, that the Sixth Circuit's identification of Rule 4(a)(6) as the "*exclusive* means" for extending the appeal time forecloses that possibility, as does the Circuit Court's reference to the "*one-time* practice" of vacating and reentering judgment.

[8]Of course, a motion so construed must still meet Rule 4(a)(6)'s other requirements. Here, though Petitioner's formal motion under Rule 4(a)(6) was untimely under 4(a)(6)(B), his supplemented Motion for Reconsideration – if construed as a motion under Rule 4(a)(6) – would be timely. The 180-day window during which to file a motion under Rule 4(a)(6) expired on December 27, 2010. Petitioner's Motion for Reconsideration was filed on December 20, 2010. Petitioner's supplement, although filed by the Clerk of Court on December 29, 2010, was dated December 22, 2010. This Court deems it likely that it was delivered to the appropriate prison authorities for forwarding to the Clerk on or prior to December 27, 2010. Therefore, both the motion and the supplement would be timely under Rule 4(a)(6)(B) if they were, in fact, Rule 4(a)(6) materials. *Houston v. Lack*, 487 U.S. 266 (1988).

judgment. *See* Fed. R. App. P. 4(a)(6)." (internal citations omitted)). Whether or not the motion should be so construed hinges on the intent of the movant at the time the motion was filed. If the movant articulates a desire for appellate review, the motion may be construed as one to reopen the time to file an appeal; if the movant's clear desire was to continue proceeding before the district court, then a Rule 4(a)(6) construction of the motion is not to be adopted, even if appellate review would more likely provide the movant with the relief he or she desires. *Contrast*, *e.g.*, *Edwards v. Yost*, 385 F. App'x 163, 165 (3d Cir. 2010) ("Motion for Reconsideration for Enlargement of Time" best construed as Rule 4(a)(6) motion) *with Brown v. Beard*, 371 F. App'x 257, 260 n.6 (3d Cir. 2010) (Where "it is clear that [movant] sought only to proceed in the District Court [and] there is no basis to remand for the District Court to treat any of [movant]'s motions as a motion under Rule 4(a)(6).").

Here, Petitioner's December 20 Motion for Reconsideration, such as it was, was completely devoid of substantive content.[9] It appears, however, that what Petitioner desired was a court's review of the materials he presented in his Motion to Amend his objection – a newspaper article indicating that Petitioner's trial counsel was found to be ineffective in another matter. That is, he wanted a court to consider his ineffective assistance of counsel argument and evidence. Absent such review at the district court level, Petitioner would be procedurally barred from raising it before the Court of Appeals. Recharacterizing

---

[9]As noted above, the Motion took the form of a brief letter to the Court captioned "Point of Information."

Petitioner's Motion for Reconsideration as a motion under Rule 4(a)(6) would thus deprive him of the opportunity to introduce evidence he thinks important to his case. Moreover, it appears from Petitioner's request for reconsideration that he was requesting either (1) that this Court reconsider its adoption of the R&R in light of his proposed amendment to his objection or (2) that this Court reconsider the denial of his Motion to Amend. (*See* Dkt. No. 39.) In either case, what Petitioner sought was further review in this Court, not an opportunity to take his case to the Court of Appeals.[10] Accordingly, the Court will consider the motion as it appears on its face – as a motion for reconsideration.

**B.)    Motion for Reconsideration**

Petitioner's Motion for Reconsideration under Civil Rule 60(b), so considered, will be denied. Under this Court's Rules, "the movant [in a motion for reconsideration] shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Petitioner demonstrates neither a palpable defect nor prejudice. Rather, Petitioner asserts that his motion for reconsideration should be granted because he did not receive notice of the June 29, 2010, decisions. Again, it is not clear whether Petitioner desired reconsideration of the December 10 Order denying his Motion to Amend or reconsideration of the June 29 entries.

---

[10] That Petitioner may later have decided that his best recourse would be pursuit of appellate review is only relevant to the extent that it reflects on Petitioner's intent in filing the December 20 motion.

To the extent that Petitioner is requesting reconsideration of the Magistrate Judge's December 10 Order on the grounds that he was not properly served, reconsideration is not warranted. (*See* Mot. for Recons. ("I should be granted a reconsideration as I was not properly served.").) The Magistrate Judge correctly noted that objections which have been overruled, (*see* 06/29/10 Order at 4), cannot be amended. The Magistrate Judge's denial of Petitioner's Motion to Amend was proper. Lack of notice of a decision alone is not grounds for reconsidering the merits of that decision.

So too, lack of notice of the Court's June 29, 2010, Order and Judgment is not a sufficient basis to reconsider the Order or the Judgment on its merits. To the extent that Petitioner is requesting reconsideration of those entries on the basis of his lack of notice, that request, too, must be denied.

Thus, Petitioner is not entitled to reconsideration on the basis of the meager justification he offers in his Motion for Reconsideration. A separate analysis is required to determine whether Petitioner is entitled to reconsideration of the Order and Judgment based on the argument he raises in his Motion to Amend his objection, (Dkt. No. 39).[11] In his original petition for writ of habeas corpus, Petitioner raised four issues: (1) violation of the right to remain silent; (2) violation of the right to privacy, free exercise of confidential communication with clergy, and ineffective assistance of counsel for failure to object; (3)

---

[11]Effectively, under this analysis, the Court treats substantive arguments of Petitioner's Motion to Amend as the substance of his otherwise substance-less Motion for Reconsideration.

improper admission of evidence and violation of the trial court's order suppressing evidence; and (4) entitlement to a new trial based in newly discovered evidence of perjured testimony. (Dkt. No. 1.) He continued to advance these arguments in his objection to the R&R. (Dkt. No. 35.) These arguments were considered and rejected both by the Magistrate Judge and by this Court. In his Motion to Amend his objection, Petitioner raises for the first time as a ground for habeas relief a general claim of ineffective assistance of trial counsel, supported by a court's finding that his trial counsel was ineffective in another matter. (Dkt. No. 39); *see Hodgson v. Warren*, 622 F.3d 591 (6th Cir. 2010). As Petitioner correctly points out in his Motion to Amend, ineffectiveness in another matter does not imply that trial counsel was ineffective in this matter. (Dkt. No. 39 ¶ 5.) In neither his Motion to Amend nor the exhibit attached thereto does Petitioner introduce any specific arguments about why his counsel was ineffective in this case. Rather, he merely promises that if this Court orders a hearing, he *will* "present facts so strong, that habeas relief must issue."

A promise of future presentation of facts is not a sufficient basis to grant a Motion for Reconsideration. Petitioner has demonstrated neither a palpable defect by which the Court and the parties have been misled nor that a different disposition of the case must result from a correction thereof. *See* W.D. Mich. LCivR 7.4(a). Neither has Petitioner, in this Motion, asserted a basis under Civil Rule 60(b) for granting relief from final judgment.

### III. Conclusion

For the reasons stated above, Petitioner's Motion to Reopen Notice of Appeal, (Dkt.

13

No. 45), and Motion for Reconsideration, (Dkt. No. 43), will be denied. An order consistent with this opinion will be entered.


Dated: May 3, 2011                                    /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE